## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mark Alan Simmons | ) | Case No. 20-44439-169 |
| Sheila Gay Simmons | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## CONSENT MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Midwest BankCentre (the "**Bank**"), by and through its undersigned counsel, and for its Consent Motion for Relief from the Automatic Stay (the "**Motion**") respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (M).

### BACKGROUND

4. The Bank loaned money to Directions in Design, Inc. ("**DID**") pursuant to that certain Note dated March 29, 2019 by DID in favor of the Bank in the original principal amount of $1,621,000 (as modified or amended from time to time, collectively, the "**Note**"). The Note is attached hereto as **Exhibit A** and fully incorporated herein by reference. As of January 20, 2021, the amount outstanding under the Note is $1,556,441.81.

5. The Note and the obligations thereunder are secured by, among other things:

   a. That certain Deed of Trust dated March 29, 2019 from Jordan Simmons

  and Alicia Simmons in favor of the Bank and recorded in the Recorder's Office for Jefferson County, Missouri (the "**Recorder's Office**") on March 29, 2019 as Document No. 2019-R-008480 (as modified or amended from time to time, collectively, the "**J & A Simmons Deed of Trust**")[1];

 b. That certain Deed of Trust dated March 29, 2019 from Mark A. Simmons and Sheila G. Simmons in favor of the Bank and recorded in the Recorder's Office on March 29, 2019 as Document No. 2019-R-008479 (as modified or amended from time to time, collectively, the "**M & S Simmons Deed of Trust**")[2];

 c. That certain Unconditional Guarantee dated March 29, 2019 by Mark A. Simmons in favor of the Bank (the "**M. Simmons Guarantee**");

 d. That certain Unconditional Guarantee dated March 29, 2019 by Jordan Simmons in favor of the Bank (the "**J. Simmons Guarantee**");

 e. That certain Unconditional Limited Guarantee dated March 29, 2019 by Sheila G. Simmons in favor of the Bank, limited to the value of the real property located at 137 Harbor Ct., Fenton Missouri 63026 (the "**S. Simmons Guarantee**"); and

 f. That certain Unconditional Limited Guarantee dated March 29, 2019 by Alicia Simmons in favor of the Bank, limited to the value of the real property located at 1000 Frisco Hollows Rd., Imperial, Missouri 63052 (the "**A. Simmons Guarantee**," together with the Note, J & A Simmons Deed of Trust, M & S Simmons Deed of Trust, M. Simmons Guarantee, J. Simmons Guarantee, S. Simmons Guarantee, the A. Simmons Guarantee, and all other documents, instruments, and agreements which evidence, secure, or were otherwise executed in connection with the Note, including all amendments, modifications, renewals, extensions, restatements, and replacements thereof, collectively, the "**Loan Documents**").

The Loan Documents are attached hereto as **Exhibits B – G** and fully incorporated herein by reference.

 6. On or about December 11, 2019, DID, Mark A. Simmons, Sheila G. Simmons, Jordan Simmons, and Alicia Simmons were in default of their obligations under the Loan Documents and executed the Forbearance Agreement in favor of the Bank (the "**Forbearance**

---

[1] The J & A Simmons Deed of Trust is limited to secure the amount of $42,710.00.
[2] The M & S Simmons Deed of Trust is limited to secure the amount of $12,246.00.

**Agreement**"). The Forbearance Agreement is attached hereto as **Exhibit H** and fully incorporated herein by reference.

7. On or about March 31, 2020, DID, Mark A. Simmons, Sheila G. Simmons, Jordan Simmons, and Alicia Simmons executed the First Amendment to Forbearance Agreement (the "**Forbearance Amendment**"), granting the Bank an unlimited lien on the arbitration award, entered on August 3, 2020 in the amount of $86,379, in favor of DID, Mark A. Simmons, and Jordan Simmons and against Jane Gantz (the "**Arbitration Award**"). The Bank properly perfected its lien and filed UCCs against Mark A. Simmons and Jordan Simmons. The Forbearance Amendment and Arbitration Award are attached hereto as **Exhibit I** and **Exhibit J**, respectively, and incorporated herein by reference.

8. On September 16, 2020, Mark and Sheila Simmons ("**Debtors**") filed a voluntary petition for relief under Chapter 7 of 11 U.S.C. § 101 et al. (the "**Bankruptcy Code**").

9. This Court appointed Charles W. Riske as the Chapter 7 Trustee (the "Trustee") in the above-captioned proceedings.

10. On September 12, 2020, Jordan and Alicia Simmons filed a voluntary petition for relief in a separate proceeding under Chapter 7 of the Bankruptcy Code (Case No. 20-44402-399). On January 28, 2021, the Court closed the bankruptcy case.

## RELIEF REQUESTED

11. The Bank, with the consent of the Trustee and Debtors, requests this Court's entry of an order (i) lifting the automatic stay so that the Bank may recover and take possession of the Arbitration Award; and (ii) waiving the requirements of Bankruptcy Rule 4001(a)(3).

## BASIS FOR RELIEF

12. Section 362(d) of the Bankruptcy Code requires, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> such property is not necessary to an effective reorganization;
>
> 11 USC § 362(d).

A creditor may obtain relief from the automatic stay on either ground of 362(d). *In re Bowman*, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000). Upon the Court's granting of a motion for relief from automatic stay, any such order is stayed until the expiration of 14 days after the entry of the order, unless the Court orders otherwise. Fed. R. Bankr. Pro. 4001(a)(3).

13. Local Rules 4001-1F, 9013-1F and 9062(15) permit this Court to grant a consent motion to lift automatic stay without a hearing if consent has been obtained from all necessary parties. *See* Local Rule 4001-1F; *see also* Local Rule 9013-1F; *see also* Local Rule 9062(15). Moreover, to minimize litigation and expedite the administration of a bankruptcy estate, "[c]ompromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (internal citations omitted); *see also In re Nortel Networks, Inc.*, 522 B.R. 491, 509 (Bankr. D. Del. 2014).

14. The Bank is entitled to relief from stay under Sections 362(d)(1) and (d)(2). The Bank seeks relief from the automatic stay to recover the Arbitration Award. The Bank possesses a valid and perfected lien on the Arbitration Award, and Debtors lack equity in the Arbitration Award. Moreover, Debtors filed the bankruptcy case under chapter 7 of the Bankruptcy Code

whereby reorganization is not at issue, and thus the Arbitration Award is not necessary for an effective reorganization. On January 20, 2021, counsel for the Bank consulted with the Trustee and Debtors' counsel, and the Trustee and Debtors' counsel consented to the relief requested herein. Accordingly, relief from the automatic stay is warranted.

## CONCLUSION

WHEREFORE, Midwest BankCentre prays for entry of an order granting the Motion, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: */s/ Erin M. Edelman*
    Bruce D. LeMoine     #55006MO
    Erin M. Edelman     #67374MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    blemoine@atllp.com
    eedelman@atllp.com

*COUNSEL TO MIDWEST BANKCENTRE*

By: */s/ Seth Albin*
    Seth Albin   #46483MO
    SUMMERS COMPTON WELLS
    7710 Carondelet Avenue Suite 405
    St. Louis, Missouri 63105
    314.721.8844
    salbin@albinlawstl.com

*COUNSEL TO DEBTORS*

By: */s/ Charles W. Riske*
Charles W. Riske  #30698MO
215 Chesterfield Business Parkway
Chesterfield, MO 63005
314.749.4331
636.530.6805 (facsimile)
riske@cwrlaw.com

*CHAPTER 7 TRUSTEE*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the February 1, 2021, she caused a true and correct copy of the foregoing document to be served by way of the Court's CM/ECF system.

*/s/ Erin M. Edelman*